IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ERIC D. PAYNE,**

      **Plaintiff,**

v.                                                                                    Case No. 2:22-cv-02828-TLP-cgc

**KROGER COMPANY and**
**KROGER LIMITED PARTNERSHIP I,**

      **Defendants.**

---

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

      Before the Court is Defendants Kroger Company and Kroger Limited Partnership I's (collectively "Kroger")[1] Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). (Docket Entry ("D.E.") # 34). Pursuant to Administrative Order 2013-05, this Motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons below, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

    **I.**    **Background**

      On December 5, 2022, Plaintiff Eric D. Payne ("Plaintiff" or "Payne") filed a *pro se* Complaint against Kroger alleging employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, *et seq*. ("Title VII") (Pl.'s Compl. at PageID 1; D.E. #1). Specifically, Payne alleges that Kroger denied him training and prevented him from

---

[1] Kroger states that the proper corporate defendant is Kroger Limited Partnership I, a wholly owned subsidiary of The Kroger Company. (Kroger's Mot. for Summ. J. at PageID 204; D.E. #34).

responding to service calls in and around Jackson, Mississippi. (*Id.*) Payne also attached a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). (D.E. # 1-1).

On December 29, 2022, Payne filed an Amended Complaint as a matter of course. (Pl.'s First Am. Compl. at PageID 99; D.E. # 8.) On February 6, 2023, Payne filed a Motion for Leave to Amend the Amended Complaint pursuant to Rule 15(a)(2) of the FRCP. (Pl.'s Mot. to Am. at PageID 128; D.E. # 16.) On May 9, 2023, Payne—without the court's leave or the explicit written consent of Kroger—filed a Second Amended Complaint. (Pl.'s Second Am. Compl. at PageID 149; D.E. # 24.) Payne's Second Amended Complaint raised the same claims as his previous complaints and responds to earlier responses filed by Kroger. (*Id.*)

On June 8, 2023, Payne filed a Motion for Summary Judgment. (Pl.'s Mot. for Summ. J. at PageID 180; D.E. # 30.) A Report and Recommendation was entered on July 25, 2023 recommending that Plaintiff's Motion for Summary Judgment be dismissed without prejudice for failure to comply with either Rule 56 of the FRCP or Local Rule 56.1. (D.E. # 37.)

Before the Court issued its Report and Recommendation as to Payne's Motion for Summary Judgment, Kroger filed its Motion for Summary Judgment on July 5, 2023. (Def.'s Mot. for Summ. J. at PageID 204; D.E. # 34.) Therein, Kroger argues, *inter alia*, that Payne suffered no adverse employment action and that Kroger has resolved all of Payne's concerns to his satisfaction. (*Id.*) In support of its Motion, Kroger has set forth its Statement of Undisputed Material Fact,[2] (Kroger's Mot. for Summ. J. at PageID 205-207; D.E. #34), and has attached a

---

[2] Kroger's Statement of Undisputed Material Fact only partially complies with Local Rule 56.1(a), as it includes multiple facts in each numbered paragraph; however, the Court was nonetheless able to consider this filing as it substantially complied with Local Rule 56.1.

2

transcript of Payne's deposition testimony as an exhibit, (Kroger's Mot. for Summ. J., Exh. A ("Payne Dep."); D.E. # 34-1.)

On July 17, 2023, Payne filed his Response to Kroger's Motion for Summary Judgment but failed to respond to each of Kroger's Statement of Undisputed Material Facts in the manner required by Local Rule 56.1(b).[3] (Pl.'s Resp. to Def.'s Mot. for Summ. J. at PageID 483; D.E. # 35.) On July 25, 2023, the Court issued an Order to Show Cause which ordered Payne to respond to Kroger's Motion for Summary Judgment in a manner that complied with Local Rule 56.1. (D.E. # 36.) Therein, Payne was advised that failure to comply with Local Rule 56.1 would result in Kroger's Statement of Undisputed Material Facts being deemed undisputed by the Court. (*Id.*)

On August 7, 2023, Payne responded to the Court's Order to Show Cause. (Pl.'s Resp. to Show Cause Order at PageID 493; D.E. # 38.) Therein, Payne responded to each of the ten paragraphs of Kroger's Statement of Undisputed Material Fact, but he again provides no citation to any evidence to support his disputes as required by Local Rule 56.1. Accordingly, it is RECOMMENDED that Kroger's Statement of Material Facts are considered undisputed by the Court.

On August 14, 2023, Kroger filed its Reply to Plaintiff's Response. (D.E. #39). Therein, Kroger addresses Plaintiff's purported factual disputes despite his lack of citation to any evidence. Additionally, Kroger reiterates the arguments made in its Motion for Summary Judgment.

---

[3] Local Rule 56.1(b) requires that any party opposing a motion for summary judgment must respond to each fact set forth by the movant by either agreeing that the fact is undisputed, agreeing that the fact is undisputed for purposes of ruling on the motion, or demonstrating that the fact is disputed. It further provides that each disputed fact must be supported by specific citation to the record. Here, Plaintiff did not provide or cite to any evidence to dispute any facts in his Response to Defendants' Motion for Summary Judgment.

**II.     Proposed Findings of Fact**

Plaintiff has been employed by Kroger since July 2006, and he has worked in the Delta Division throughout his career. (Payne Dep. 16:7–9; 18:17–19:3, 19:16-18). The Delta Division is based in Memphis, Tennessee and includes more than 100 stores across five states and 60,000 square miles. (Payne Dep. 33:23–34:11).

Plaintiff began as a lighting technician but eventually became a certified electrician in 2014. (Payne Dep. 19:4–15). In 2019, Kroger eliminated the electrician position and laid off many of its electricians. (Payne Dep. 19:22–20:23). Plaintiff was not among those laid off. (Payne Dep. 20:25–21:1). Instead, Kroger's Delta Division Maintenance Manager Danny Allred ("Allred") offered Plaintiff a new position as an automatic door technician. (Payne Dep. 21:2–21:16.) Plaintiff accepted that position and has been employed in that position continuously since December 2020. (Payne Dep. 21:17–22:9.) Plaintiff is the only automatic door technician in the Delta Division. (Payne Dep. 34:12–14.)

During his tenure as an automatic door technician, Plaintiff has been able to fully perform his job duties without hindrance. (Payne Dep. 68:23–69:8). In fact, Plaintiff excelled at his job duties and received merit-based pay increases in 2019, 2020, 2021, and 2022. (Payne Dep. 69:1-11-72:9 & Exhs. 14-17). In both 2020 and 2021, Plaintiff's performance reviews reflect a job performance that exceeded expectations. (Payne Dep. 64:15–68:17 & Exhs. 12 &13).

Plaintiff first claims that he was denied automatic-door training that was conducted by Stanley Access Technology ("Stanley"). (Payne Dep. 22:10-12, 22:22-25). Stanley is a separate entity from Kroger that sells and repairs automatic doors and provides automatic door training to Kroger employees. (Payne Dep. 22:22–23:24). Stanley did initially offer a 2020 training, but that training was cancelled due to the pandemic. (Payne Dep. 23:25–24:4.)

4

In 2021, Dennis Cobb ("Cobb"), Delta Division's Facility Engineering Manager, registered Plaintiff for a Stanley training in Indianapolis and confirmed that Plaintiff received information about the training. (Payne Dep. 24:5–17.) Around this same time, Kroger management was in discussion with Stanley to offer a training in Nashville; thus, they discussed sending Plaintiff to the proposed Nashville training because it would have been closer to Plaintiff's home. (Payne Dep. 28:10-29:11). Ultimately, the proposed Nashville training did not come to fruition. (Payne Dep. 29:13–17.) Plaintiff is not aware whether there had been a miscommunication about his plans to attend the Indianapolis training due to the possibility of hosting a Nashville training. (Payne Dep. 28:16–30:10.) Either way, Plaintiff did not attend any Stanley training in 2021—either in Nashville or Indianapolis. (Payne Dep. 28:5-9, 29:18–22.) No other Delta Division employee attended a Stanley training in 2021. (Payne Dep. 30:8–10.)

In 2022, Allred emailed Plaintiff and Plaintiff's direct supervisor, Jeff Morris ("Morris"), to schedule Plaintiff's 2022 Stanley training. (Payne Dep. 30:11–31:9 & Exh. 6). Morris followed up with Plaintiff afterwards to confirm that he had received the correct training dates. (Payne Dep. 31:10–32:25 & Exh. 7). Cobb arranged hotel and rental car reservations for Plaintiff so he could attend the training. (Payne Dep. 33:1–4). Plaintiff attended the 2022 Stanley training, which was the same training that had been offered in 2021. (Payne Dep. 33:10–12, 35:5-9). Plaintiff admitted that attending the 2022 training satisfactorily resolved his complaint about not receiving the training in 2021. (Payne Dep. 78:17–25.)

With respect to whether Plaintiff has been allowed to respond to service calls in Jackson, Mississippi, Plaintiff has responded to each Kroger store within the Delta Division—including those in and around Jackson, Mississippi. (Payne Dep. 34:18–35:14, 78:14-79:17). Many stores in the Delta Division are located in the Memphis area, which are close to Plaintiff's residence.

5

(Payne Dep. 34:15–17). Jackson, Mississippi, however, is a six-hour roundtrip drive from Memphis, Tennessee. (Payne Dep. 22:8-14). For this reason, although he is not an automatic door technician himself, Morris often responds to the Jackson area service calls because he lives in the Jackson area. (Payne Dep. 36:8–24, 38:4–39:5). On occasion, Plaintiff has sent Morris calls in the Jackson area. (Payne Dep. 47:8–48:12). Plaintiff has also sent service calls to Stanley for repair. (Payne Dep. 51:13–24.) There are legitimate business reasons for Morris, Stanley, or others to respond to automatic door repair calls instead of Plaintiff. (Payne Dep. 51:13–52:17.)

Neither the delay in Plaintiff's Stanley training nor the assignment of service calls by proximity has affected Plaintiff's performance evaluations, pay, benefits, or the terms of his employment in any way. (Payne Dep. 72:10–22.) Plaintiff has not been denied any promotional opportunities. (Payne Dep. 73:3–5.) Plaintiff concedes that his original complaints against Kroger were ultimately resolved before filing this lawsuit, and his main purpose in continuing to pursue his claims is to ensure that "this never happens again." (Payne Dep. 78:14–17.)

### III. Proposed Conclusions of Law

#### A. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-*

*X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving part. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). To avoid summary judgment, the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475. U.S. at 586.

### B. Title VII Discrimination Claim

Title VII provides that discrimination based on race, color, religion, sex, or national origin constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). A plaintiff may establish a discrimination claim by one of two means: (1) by introducing direct evidence of discrimination;

7

or (2) by proving circumstantial evidence which would support an inference of discrimination. *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct-evidence approach, a plaintiff must present evidence that, "if believed, required the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 2000). To successfully pursue a direct-discrimination claim, the evidence must establish, without any inferences or presumptions, that discriminatory motives caused the adverse employment action. *Ngyuen v. City of Cleveland*, 229 F.3d 59, 563 (6th Cir. 2000); *see also Brack v. Shoney's Inc.*, 249 F. Supp.2d 938, 947 (W.D. Tenn. 2003). If the plaintiff introduces evidence of an adverse employment action based on his protected status, the burden of persuasion shifts to the employer to prove that it would have taken the adverse employment action even had it not been motivated by discrimination. *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994).

Under the circumstantial evidence approach, the tripartite test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and later clarified in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), applies to determine whether the conduct violated Title VII. First, a plaintiff must establish a prima facie case of discrimination, which requires: (1) plaintiff was a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position; and (4) he was treated differently than similarly situated, non-protected employees. *DiCarlo v. Potter*, 385 F.3d 408, 415 (6th Cir. 2004).

8

If the plaintiff establishes a prima facie case, a mandatory presumption of discrimination is created, and the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the employer's decision. *McDonnell Douglas*, 411 U.S. at 802. If the defendant meets this burden, then a plaintiff must prove that the reason proffered by the defendant is a pretext to hide unlawful discrimination. *Id.* The plaintiff may establish that the proffered reason is a mere pretext by showing that the stated reasons could not explain the defendant's actions. *Wheeler v. McKinley Enters*, 937 F.2d 1158, 1162 (6th Cir. 1991). "A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993).

### C. Analysis

The crux of a Title VII claim is that the plaintiff has suffered an adverse employment action. An adverse employment action is an action by the employer that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008) (quoting *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998)).

Denial or delay of training opportunities that does not result in one of these consequences does not constitute an adverse employment action, and, as such, summary judgment is appropriate in favor of the employer. *Barbie Logan v. MGM Grand Det. Casino*, No. 21-1149, 2021 WL 6932348, at *4 (6th Cir. Dec. 22, 2021), *cert. denied*, 143 S.Ct. 159 (2022); *Vitt v. City of Cincinnati*, 97 Fed. Appx. 634, 639-40 (6th Cir. 2004). Here, while it is undisputed that Plaintiff's Stanley training was delayed, there is no evidence that he suffered a significant change in his employment status as a result of the delay.

9

Additionally, other job changes, including *de minimis* actions such as alterations of job responsibilities or job reassignments, that do not alter the employee's salary, benefits, title, or work hours also do not constitute adverse employment actions. *Broska v. Henderson*, 70 Fed. Appx. 262, 267 (6th Cir. 2003); *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000). Here, while the record reflects that Stanley, Morris, and others may service areas in the Delta Division if necessary, it does not reflect that these assignments caused a significant change in Plaintiff's employment status. Accordingly, it is RECOMMENDED that Plaintiff fails to meet his *prima facie* case of Title VII discrimination and that his Title VII claim for discrimination of the basis of race fails as a matter of law.

### IV. Conclusion

For these reasons, it is **RECOMMENDED** that (1) there are no disputed material facts, (2) Payne has failed to produce evidence to support a prima facie case of discrimination, (3) Kroger is entitled to judgment as a matter of law, and (4) Kroger's Motion for Summary Judgment be **GRANTED**.

**SIGNED** this 15th day of September, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**