IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ERIC D. PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02828-TLP-cgc |
| v. ) | |
| ) | |
| KROGER COMPANY and KROGER ) | |
| LIMITED PARTNERSHIP I, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pro se Plaintiff Eric D. Payne ("Plaintiff") sued Defendants Kroger Company and Kroger Limited Partnership I's[1] ("Defendants") alleging employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. ("Title VII") (ECF No. 24 at PageID 149.) Plaintiff moved for summary judgment in June 2023[2] (ECF No. 30) and Defendants then moved for summary judgment in July 2023, under Federal Rule of Civil Procedure 56. (ECF No. 34.) Judge Claxton entered a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for summary judgment. (ECF No. 37 at PageID 492.) She entered another R&R recommending that the Court grant Defendants' motions for summary judgment.

---

[1] Kroger states that the proper corporate defendant name is Kroger Limited Partnership I, a wholly-owned subsidiary of "The Kroger Company." (ECF No. 34 at PageId 204.)
[2] Judge Claxton recommended denying Plaintiff's motion because he failed to properly move for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

1

(ECF No. 40 at PageID 513.)  For the reasons below, the Court **ADOPTS** her R&Rs, **DENIES** summary judgment for Plaintiff and **GRANTS** summary judgment for Defendants.

## BACKGROUND

This lawsuit began after Defendants allegedly denied Plaintiff the opportunity to attend a work training and prevented him from responding to service calls in the Jackson, Mississippi area.  (*Id.* at PageID 513–14.)  Plaintiff began employment with Kroger in 2006, first as a lighting technician[3] and then as an automatic door technician.  (*Id.* at PageID 516.)  Plaintiff received merit-based pay increases every year from 2019–2022, and his performance reviews stated that he exceeded expectations.  (*Id.*)

Stanley Access Technology is a separate entity from Defendants that sells and repairs automatic doors; they also provide automatic door training to Defendants' employees.  (*Id.*)  In 2021, Plaintiff was registered for a training in Indianapolis, but Defendants discussed sending Plaintiff to the training in Nashville because it is closer to Plaintiff's home.  (*Id.* at PageID 517.)  The Nashville training, for an unknown reason, never occurred, and Plaintiff did not attend the Indianapolis training.  But in 2022, Defendants arranged for Plaintiff to attend a training.  (*Id.*)

Plaintiff also claims that Defendants denied him opportunities to respond to calls in the Jackson, Mississippi region.  (ECF No. 24 at PageID 154.)  Plaintiff is employed in the Delta region that services Memphis, Tennessee, (where Plaintiff lives) and areas in Mississippi, including Jackson.  (ECF No. 40 at PageID 518.)  Jackson, Mississippi is a six-hour roundtrip drive from Memphis.  (*Id.*)  Plaintiff's supervisor, though he is not an automatic door technician, often responds to those service calls because he lives in the Jackson area.  (*Id.*)

---

[3] Defendants eliminated the electrician position in 2019 and laid off many of its electricians, but Plaintiff was not one of them.  (*Id.* at PageID 516.)  Instead, Defendants offered him a new position as an automatic door technician.  (*Id.*)

Plaintiff sued in December 2022 and then quicky amended the complaint; he then moved to amend the complaint a second time in February 2023. (*Id.* at PageID 513–14.) Without receiving approval from the Court, Plaintiff submitted his second amended complaint in May 2023. (*Id.* at PageID 514.) This complaint raised the same claims. (*Id.*) In June, Plaintiff moved for summary judgment. (*Id.*) Defendants also moved for summary judgment in July 2023, including a statement of undisputed material facts and attaching Plaintiff's deposition transcript. (*Id.* at PageID 514–15.) Plaintiff responded to Defendants' motion for summary judgment but did not respond to the statement of undisputed facts as required by Local Rule 56.1(b). (*Id.*) The Court then issued an Order to Show Cause in which Plaintiff responded to Defendants' statement of undisputed material facts but failed to identify evidence that he disputed. (*Id.*) For those reasons, the Court considers Defendants' entire statement of facts to be undisputed. (*Id.*)

## **THE R&Rs**

The first R&R recommends that this Court deny Plaintiff's motion for summary judgment. (ECF No. 37.) Judge Claxton explains how Plaintiff did not comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1. (*Id.* at PageID 492.) She determined that Plaintiff did not properly move for summary judgment. (*Id.*)

The second R&R begins with a procedural history of the lawsuit, including the filing of the complaint, both Plaintiff and Defendants' motions for summary judgment, and the Show Cause Order. (ECF No. 40 at PageID 513–15.) Next, it outlines Plaintiff's employment history with Defendants and the allegations Plaintiff levies against Defendants. (*Id.* at PageID 516–18.) After outlining the factual and procedural history, Judge Claxton analyzes the pleadings under Federal Rule of Civil Procedure 56. (*Id.* at PageID 518–19.) Her analysis then turns to

Plaintiff's sole claim, his Title VII allegations against Defendants. (*Id.* at PageID 519–20.) Judge Claxton summarizes the two standards for proving Title VII claims and evaluates the evidence proffered by Plaintiff. (*Id.*) Judge Claxton then recommends that the Court grant summary judgment for Defendants. (*Id.* at PageID 522.) She explains that Plaintiff never suffered an "adverse employment action," and therefore he cannot advance a claim under Title VII. (*Id.* at PageID 521.)

## **LEGAL STANDARD**

Courts grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence—and justifiable inferences from the facts—in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is then proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleadings, but . . . must set forth specific facts to show that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). To avoid summary judgment, the nonmoving party "must do more than simply show there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Though Courts hold pro se plaintiffs "to less stringent standards than formal pleadings drafted by lawyers," *Williams v. Curtin,* 631 F.3d 380, 383 (2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)), those parties still must follow the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011). Courts "have no obligation to act as counsel or paralegal to pro se litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). What is more, courts need not create a pro se litigant's claim for him. *Payne v. Sec. of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (citations omitted).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. With that in mind, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After Judge Claxton entered the first R&R, Plaintiff had until August 8, 2023, to file an objection. From the second R&R, Plaintiff had until September 29, 2023. Because Plaintiff made no objection to either R&R, this Court will review the R&Rs for clear error.

**DISPOSITION**

Finding no clear error, the Court adopts Judge Claxton's R&Rs.

**I.      Plaintiff has not Introduced Enough Evidence to Support his Title VII Claim**

Title VII protects employees from discrimination based on their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). If an employee suffers an "adverse employment action"[4] that they believe is based on one of the above categories, they may bring a claim under Title VII. There are two ways for a plaintiff-employee to advance a claim under Title VII: 1) through direct evidence of discrimination, or 2) through circumstantial evidence that would support an inference of discrimination. *Mansfield v. City of Murfreesboro*, 706 F. App'x 231, 235 (6th Cir. 2017) (quoting *Kline v. Tennessee Valley Auth.*, 128 F. 3d 337, 38 (6th Cir. 1997). From the direct-evidence approach, a plaintiff must present evidence that, on its face, would lead to the conclusion that unlawful discrimination was "at least a motivating factor in the employer's actions." *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F. 3d 921, 926 (6th Cir. 2000).

To pursue the circumstantial evidence approach, a plaintiff has to show four things: 1) he is a member of a protected class, 2) he suffered an adverse employment action; 3) he was qualified for the position, and 4) he was treated differently than similarly situated, non-protected employees. *Tennial v. United Parcel Serv., Inc.*, 840 F. 3d 292, 303 (6th Cir. 2016) (applying the test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973)). If

---

[4] An adverse employment action is an action that results in a major change in employment status, such as hiring, firing, failing to promote, reassignment with different responsibilities, or a decision significantly affecting an employee's benefits. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008) (quoting *Burlington Indus. V. Ellerth*, 524 U.S. 742, 761 (1998)).

Plaintiff can meet all four requirements, then the defendant must "articulate some legitimate, nondiscriminatory reason" for the employer's action. *McDonnell Douglas*, 411 U.S. at 802.

If the defendant's response meets that burden, the plaintiff must then show why that reason is pretextual. *Wheeler v. McKinley Enters*, 937 F.2d 1158, 1162 (6th Cir. 1991). The burden at the pretextual stage is onerous: a plaintiff must demonstrate by a preponderance of the evidence that the reason the employer gave is false. *Hood v. City of Memphis Pub. Works Div.*, 2023 WL 1880399, at *6 (6th Cir. Feb. 10, 2023) (citations omitted).

As Judge Claxton ruled, this Court finds that Plaintiff has suffered no adverse employment action here. This dooms his claim from the outset. Plaintiff alleges that Defendants denied him the chance to attend a training, but his absence from training did not affect his pay, benefits, or status as an employee. (ECF No. 40 at PageID 521–22.) The Sixth Circuit has confirmed that the denial or delay of a training opportunity does not equal an adverse employment action. *Barbie Logan V. MGM Det.Casino*, 2021 WL 6932348, at *4 (6th Cir. Dec. 22, 2021), *cert denied*, 143 S.Ct. 159 (2022).

In fact, when employers make other job changes to an employee's responsibilities or even a reassignment, the Sixth Circuit has held that is also not an adverse employment action so long as the change does not affect the employee's salary, benefits, title or hours. *Broska v. Henderson*, 70 F. App'x. 262, 267 (6th Cir. 2003); *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000). Plaintiff even admits in his deposition that he attended the identical training in 2022. (ECF No. 34-1 at PageID 245–47.) In fact, Plaintiff conceded that his main purpose in bringing this lawsuit is to make sure that "this never happens again" (*Id.* at 291.)

The bottom line is that Plaintiff has offered no evidence that his title, salary, or benefits suffered because of the missed training. His claims under Title VII therefore fail.

## CONCLUSION

The Court has reviewed Judge Claxton's R&Rs for clear error and find none. The Court **ADOPTS** the R&Rs, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendants' motion for summary judgment. All claims are therefore **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 4th day of October, 2023.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE